IRVING, J.,
Concurring in Part, Dissenting in Part:
¶ 24. I agree with the majority except as to its treatment of the issue of modification of periodic alimony. The majority finds that the chancellor did not abuse his *1065 discretion in refusing to modify Brennan’s alimony obligation even though Brennan’s income had dropped approximately fifty percent since the initial alimony assessment was made. The majority finds justification for its position in two of the chancellor’s observations: that an increase in the amount of periodic alimony would have been justified during some of the prior years when Brennan had an increase in income, and that Ebel’s needs had remained unchanged even though her income had also fluctuated.
¶ 25. The fallacy in the majority’s reasoning is that no matter what had occurred in prior years, the fact remains that at the time of the hearing, it was undisputed that Brennan’s income had decreased by fifty percent from what it was when the $750 monthly alimony payments were ordered and that, despite the extent of Ebel’s needs, there was less money now to meet those needs than what had been available earlier. At the time of the hearing, Brennan’s income was $36,972 and Ebel’s, without the alimony payments, was $16,968. At the time the $750 monthly alimony payments were ordered, Brennan’s income was $73,720.
¶ 26. To require Brennan to pay Ebel $9,000 annually in alimony payments seems patently unfair and an abuse of discretion. When the required federal and state deductions for taxes are subtracted from Brennan’s income (which most likely will be approximately twenty-five percent of his income), along with the $9,000 alimony payment, Brennan will be left with approximately $18,700 in annual income. On the other hand, assuming a twenty-five percent tax deduction from Ebel’s income (although it is likely to be less), she will realize an annual income of approximately $21,700. Since I believe this result is grossly unfair, it follows that I believe the chancellor manifestly erred in ordering it into existence. The majority, by its action today, perpetuates this injustice. Therefore, I respectfully dissent from that portion of the majority’s decision which affirms the chancellor’s refusal to order a modification of Brennan’s alimony obligation.